IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AD GLOBAL FUND, LLC, by and through NORTH HILLS HOLDING, INC., a Partner Other Than the Tax Matters Partner,<br><br>     Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>     Defendant. | No. 4-336T<br><br>Filed: September 28, 2023 |

## ORDER OF DISMISSAL

This partnership-level Tax Equity and Fiscal Responsibility Act ("TEFRA") case has been pending for approximately nineteen and one-half years, over sixteen years of which it has been stayed at the parties' request. *See* Order, ECF No. 60. For most of that time, the stay continued pending the outcome of a parallel partner-level proceeding in the United States Tax Court brought by David Greenberg and William Goddard, taxpayers who had asserted an interest in the outcome of this case. *See* Order, ECF No. 80. Indeed, the parties represented on numerous occasions over the years that the Tax Court matter involved "the only purported partners in AD Global Fund who wish to litigate the remaining issues in this case" and that further proceedings in this Court would be necessary only if the Tax Court ruled in favor of the taxpayers. Joint Status Report at 2, ECF No. 79; *see* Joint Status Reports, ECF Nos. 87, 95. The Tax Court ruled against the taxpayers in May 2018. After affirmances by the Ninth and Eleventh Circuits, the Supreme Court denied a petition for a writ of certiorari in October 2022. Because the basis for the stay in the instant case ended, the Court issued an Order to Show Cause why this matter should not be dismissed. *See* ECF No. 117. Having considered the parties' responses, the Court finds that the only remaining

issue in dispute, according to Plaintiff, has been resolved by prior order and that relitigating the issue is unwarranted. Accordingly, this case is **DISMISSED**.

## BACKGROUND

Plaintiff has identified a single remaining contested issue that it seeks to litigate in this matter—*i.e.*, the effect of the Notice of Final Partnership Administrative Adjustment ("FPAA") at issue in this case on the I.R.C. § 6501(a) component of the partnership item statute of limitations in I.R.C. § 6229(a). Pl.'s Resp. to Order to Show Cause at 8, ECF No. 118; *see* Joint Status Report at 2, ECF No. 115. Plaintiff argues that this Court has exclusive jurisdiction to determine the timeliness of the FPAA, that the Court's September 16, 2005, partial summary judgment opinion and order ("2005 Opinion") did not rule on this question, and that no judicial doctrine precludes Plaintiff from litigating the issue now. ECF No. 118 at 5–7; Pl.'s Reply at 6–9, ECF No. 122. The Government disagrees, arguing that the parties briefed, and the Court's 2005 Opinion ruled on, the exact issue Plaintiff seeks to relitigate. Def.'s Opp'n at 7–9, ECF No. 119. The Government further contends that the United States Court of Appeals for the Federal Circuit has since answered the question, holding in another case that an FPAA suspends the assessment period in § 6501(a).[1] *Id.* at 9 (citing *Russian Recovery Fund Ltd. v. United States* (*RRF II*), 851 F.3d 1253, 1258–63 (Fed. Cir. 2017)).

As explained in the Order to Show Cause, the Court previously addressed the issue of the FPAA's timeliness in denying Plaintiff's Partial Motion for Summary Judgment. *See AD Glob.*

---

[1] In response to the show cause order, the parties also briefed the question of whether there are any remaining partners with an interest in the outcome of this case, such that a case or controversy still exists for purposes of Article III standing. *See* ECF No. 118 at 4–5; ECF No. 119 at 4–6. The parties do not dispute that Mr. Greenberg and Mr. Goddard no longer have such an interest since the Tax Court upheld the IRS's conversion of their partnership items at issue in this case to non-partnership items. Because the Court finds that the only merits issue identified by Plaintiff has already been resolved, it need not reach the standing question.

*Fund, LLC v. United States* (*AD Glob. Fund I*), 67 Fed. Cl. 657, 658 (2005). Plaintiff's motion argued that § 6229(a) established an exclusive partnership-specific statute of limitations of three years, separate from the general three-year assessment period prescribed in § 6501(a). *Id.* at 659. The Government, on the other hand, argued that § 6229(a) set forth a minimum assessment period that ran in conjunction with the statute of limitations provided in § 6501(a) such that the issuance of an FPAA could, in some circumstances, suspend both the minimum period in § 6229(a) and the running of the limitations period in § 6501(a). *Id.* at 659, 660.

Observing that the interplay between § 6229(a) and § 6501(a) was "[e]ssential" to the Court's disposition of the question presented, the Court determined that § 6229(a) created a minimum timeframe that extends the period in § 6501(a) for the IRS to assess partnership assets. *Id.* at 659; *see id.* at 694. It then held that its "analysis *compels* the conclusion that the applicable period of limitations that has been suspended [by the issuance of the FPAA] is the period prescribed in I.R.C. § 6501(a)." *Id.* at 694 (emphasis added) ("Thus, the issuance of the FPAA has suspended the running of the applicable statute of limitations."). The Federal Circuit affirmed the Court's 2005 Opinion on interlocutory appeal, "conclud[ing] that § 6229(a) unambiguously sets forth a minimum period . . . that may extend the regular statute of limitations in § 6501." *AD Glob. Fund, LLC v. United States* (*AD Glob. Fund II*), 481 F.3d 1351, 1354 (2007). The Circuit did not address the corollary ruling that the issuance of the FPAA suspended the § 6501(a) assessment period, and Plaintiff did not raise such a challenge on appeal. *Id.* at 1353 ("AD Global does not claim that the FPAA was untimely if § 6501(a) applies.").

## DISCUSSION

Plaintiff acknowledges, as it must, that the 2005 Opinion considered the effect of the FPAA on the § 6501(a) component of the partnership item statute of limitations and expressly stated that

3

the FPAA suspended the running of the period prescribed in § 6501(a). Plaintiff, however, argues that the Court's statements did not constitute a holding, but rather mere dicta. ECF No. 118 at 2 (contending "the Court *suggested* that the issuance of an FPAA must suspend the 26 U.S.C. § 6501 period of limitations to make this bifurcated statute of limitations scheme work" (emphasis added) (citing *AD Glob. Fund I*, 67 Fed. Cl. at 694)). A fair reading of the 2005 Opinion does not support Plaintiff's position.

The Federal Circuit has defined "dicta" as "statements made by a court that are 'unnecessary to the decision in the case, and therefore[,] not precedential (although [they] may be considered persuasive).'" *Nat'l Am. Ins. Co. v. United States*, 498 F.3d 1301, 1306 (Fed. Cir. 2007) (alterations in original). The Court's description in the 2005 Opinion of the interplay between § 6229(a) and § 6501(a) shows in no uncertain terms how necessary it considered the issue to its decision. *AD Glob. Fund I*, 67 Fed. Cl. at 659 (describing the interplay as "[e]ssential").

To resolve the question of whether § 6229(a) was "a separate period of limitations exclusive of the regular period of limitations set forth in I.R.C. § 6501(a)," the Court had to analyze and choose between the parties' opposing statutory interpretations. *Id.* It readily acknowledged that "the parties frame[d] the issues slightly differently," with Plaintiff focusing on the language of § 6229(a) and the Government emphasizing the relationship between § 6229(a) and § 6501(a). *Id.* at 660. The Court specifically noted the Government's assertion "that the issuance of an FPAA, which suspends the 'minimum limitations period,' specified in I.R.C. § 6229(a), *perforce* suspends the running of the limitations period in I.R.C. § 6501(a)." *Id.* (emphasis added) (internal citation omitted) (referring to the argument as "a complement to [the Government's] contention"). As the Government explained in its opposition to Plaintiff's partial summary judgment motion, this conclusion followed as a necessary corollary of the Government's interpretation, and the opposite

4

conclusion (that only the three-year period in § 6229(a) was suspended) would necessarily follow if the Court accepted Plaintiff's interpretation. Def.'s Opp'n to Pl.'s Mot. for Summ. J. at 27, ECF No. 21; *see id.* at 30 (arguing that the conclusion "is simply a function of the proper interpretation and application of the overall statutory scheme set out in the TEFRA partnership proceedings"). Accordingly, for the Court to determine whether § 6229(a)'s limitations period was exclusive, it had to determine whether the period in § 6501 applied. Because the Court sided with the Government's interpretation, its analysis also "compel[led]" a conclusion about the effect of the issuance of an FPAA on the assessment period in § 6501(a), and that effect is suspension. *AD Glob. Fund I*, 67 Fed. Cl. at 694.

Contrary to Plaintiff's contention, the Court's ruling on § 6501(a) should not be relegated to dicta or otherwise be considered to lack some binding effect simply because Plaintiff's motion did not affirmatively raise the question of whether an FPAA suspends the § 6501(a) component of the partnership item statute of limitations. *See* ECF No. 118 at 7 (arguing that the "§ 6501 statute of limitations was irrelevant" to the "**sole** basis for the MSJ") (emphasis in original)). Plaintiff instead asserted that the three-year assessment period in § 6229(a) was the *exclusive* statute of limitations. Pl.'s Mot. for Summ. J. at 2, ECF No. 18. But in opposing Plaintiff's interpretation, the Government disagreed that § 6229(a) was exclusive, asserted its own interpretation based on the relationship between § 6229(a) and § 6501(a), and squarely raised the issue Plaintiff contends is remaining in this case. Def.'s Opp'n to Pl.'s Mot. for Summ. J. at 26–30. Plaintiff had the opportunity to respond to the Government's arguments in its reply brief and at oral argument. Indeed, to support its interpretation, Plaintiff's briefing argued that the period suspended by the issuance of an FPAA is only the three-year period prescribed in § 6229(a) and to do so the FPAA must be issued during the running of that period. Pl.'s Mem. in Supp. of Mot. for Summ. J. at 24,

ECF No. 18; *see* Pl.'s Reply to Def.'s Opp'n at 9, ECF No. 26 ("Defendant never disputes that, when Section 6229(d) states the 'running of the period specified in subsection (a) . . . of this section,' Congress referred to the running of the period specified in subsection (a) of Section 6229 – not Section 6501." (emphases omitted)).  Notably, Plaintiff never disputed the Government's corollary argument that (assuming the Government's interpretation was correct) the issuance of an FPAA necessarily suspends the running of the period in § 6501(a).  Regardless of whether Plaintiff moved for partial or full summary judgment, or whether the Court invoked RCFC 56(f), the Court made clear in the 2005 Opinion that its analysis of the interplay between § 6229(a) and § 6501(a) was relevant—indeed necessary—to decide the issue presented.  *See* ECF No. 118 at 7; ECF No. 122 at 7.

That the Federal Circuit's decision affirming the 2005 Opinion did not specifically address whether an FPAA suspends the assessment period in § 6501(a) does not weigh in favor of relitigating the issue now.  Similar to the summary judgment proceedings, Plaintiff's appeal challenged the Court's acceptance of the Government's interpretation of § 6229(a) as a minimum period that may extend the § 6501(a) limitations period for partnership items, but it did not challenge the holding that the issuance of an FPAA thus necessarily suspends the running of the period in § 6501(a).[2]  *See AD Glob. Fund II*, 481 F.3d at 1353.

Since the Circuit's decision is silent on the issue, at most, this means that the law of the case doctrine does not preclude the Court from considering the issue again, as Plaintiff correctly observes.  *See* ECF No. 122 at 8.  "Law of the case . . . merely requires a trial court to follow the rulings of an appellate court . . . and thus has long been held not to require the trial court to adhere

---

[2] While arguing that another court incorrectly reached the same conclusion as this Court, Plaintiff's appellate brief noted in passing that here "the IRS contends . . . that the FPAA somehow suspended the Section 6501 limitations period." Br. for Appellant (Corrected) at 62, *AD Glob. Fund II*, No. 06-5046 (Fed. Cir. Apr. 20, 2006).  Plaintiff included the same argument verbatim in its summary judgment motion. Pl.'s Mem. in Supp. of Mot. for Summ. J. at 40.

to its own previous rulings if they have not been adopted, explicitly or implicitly, by the appellate court's judgment." *Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed. Cir. 1991); *see Red Lake Band v. United States*, 229 Ct. Cl. 816, 820 (1982) (holding that law of the case applies to interlocutory orders affirmed on appeal because "once affirmed . . . an order loses its interlocutory character" (quoting *United States v. Turtle Mountain Band of Chippewa Indians*, 222 Ct. Cl. 1, 7 (1979)). Since a trial court's interlocutory orders "are not subject to [the] law of the case doctrine," they "may always be reconsidered prior to final judgment." *In re Navy Chaplaincy*, 928 F. Supp. 2d 26, 35 (D.D.C. 2013) (quoting *Langevine v. Dist. of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997)); *see* RCFC 54(b).

Although application of the doctrine may not be mandatory with respect to interlocutory orders, courts have observed that "law of the case [] is but one label for a set of policies 'that support adherence to earlier rulings without perpetual reexamination.'" *Apprio, Inc. v. Zaccari*, No. CV 18-2180 (JDB), 2022 WL 971001, at *4 (D.D.C. Mar. 31, 2022) (quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction & Related Matters § 4478.1 (3d ed. 2021 supp.)); *see Goodeagle v. United States*, 128 Fed. Cl. 642, 648 (2016). Such policies and prudential considerations are equally relevant to whether the Court should reconsider a prior interlocutory order issued in an earlier stage of the proceedings. *Apprio*, 2022 WL 971001, at *4; *see Messenger v. Anderson*, 225 U.S. 436, 444 (1912) (explaining the doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (explaining the doctrine is a "rule of practice [that] promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues'") (quoting 1B James William Moore et al., Moore's Federal Practice ¶ 0.404[1] (1984)).

Noting similar concerns, courts have disfavored revisiting prior decisions absent extraordinary circumstances such as error or injustice. *See Goodeagle*, 128 Fed. Cl. at 648 ("[C]ourts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Christianson*, 486 U.S. at 817); *Johns-Manville Corp. v. United States*, 12 Cl. Ct. 1, 16–17 (1987) ("A successor judge would be remiss to put his imprim[a]tur on a case by modifying an order . . . that has charted the course of proceedings for years," except when "the decision was clearly erroneous and would work a manifest injustice."); *see also E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 532 (2021) (explaining that the RCFC 54(b) standard reflects the trial court's inherent power to afford "relief from interlocutory [decisions] as justice requires'" (alteration in original) (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)).

Plaintiff has provided no good reason to disturb the Court's ruling in the 2005 Opinion relating to the FPAA's suspension of the applicable statute of limitations in § 6501(a). Specifically, Plaintiff has not alleged any error or injustice, and the Court can see none. The Government has cited several cases post-dating the 2005 Opinion that have reached the same conclusion. *See* ECF No. 119 at 9–10 (collecting cases). Two of these cases relied on or adopted the Court's reasoning and conclusion in the 2005 Opinion. *See Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324, 329 (2006) (agreeing with much of the analysis in the 2005 Opinion and wholly adopting the ultimate conclusion); *Epsolon Ltd. ex rel. Sligo (2000) Co. v. United States*, 78 Fed. Cl. 738, 761–62 (2007) (discussing the 2005 Opinion and acknowledging that, while the Federal Circuit's *AD Global Fund* decision did not address whether the issuance of an FPAA suspends the limitations period in § 6501(a), the Circuit's construction of the statutory scheme is

consistent with the conclusion that it does). These two cases plus a third, *Russian Recovery Fund*, held that the period suspended by the issuance of an FPAA (*i.e.*, "the period specified in subsection (a)") is the limitations period in § 6501, as extended by § 6229(a). *Epsolon*, 78 Fed. Cl. at 762; *Grapevine Imports*, 71 Fed. Cl. at 340; *Russian Recovery Fund Ltd. v. United States* (*RRF I*), 101 Fed. Cl. 498, 504 (2011) ("[O]nce the FPAA was issued to [the tax matters partner], section 6229(d) suspended the 6501(a) limitations period with respect to any then-open individual partners' returns."). The Federal Circuit affirmed the decision in *RRF I*. *See RRF II*, 851 F.3d at 1260. Although the question presented focused on whether certain losses allocated to a particular partner were attributable to the loss reported on Russian Recovery Fund's ("RRF") 2000 return, the Court's holding nonetheless recognized that RRF's 2005 FPAA relating to its 2000 tax year suspended the limitations period for assessing the partner's 2001 individual tax return. *Id.*

In sum, these cases support the conclusion that Plaintiff has failed to establish any clear error in or injustice resulting from the Court's 2005 Opinion that would warrant relitigating the only remaining issue Plaintiff has identified in this case.

## CONCLUSION

Based on the foregoing, this action is **DISMISSED** with prejudice. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: September 28, 2023                    */s/ Kathryn C. Davis*
                                                                KATHRYN C. DAVIS
                                                                Judge